IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRANCISCO PEREZ, ID#B-78905, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )   Case No. 12-CV-02102 |
| | ) |
| S.A. GORDINEZ, DIRECTOR OF I.D.O.C. | ) |
| PAUL TALBOT, MEDICAL DIRECTOR OF DANVILLE C.C. | ) |
| DR. LOIS SCHICKER, MEDICAL DIRECTOR OF THE STATE | ) |
| OF ILLINOIS, DR. ARTHUR FUNK FOR WEXFORD, INC., | ) |
| AND THE P.A. FEMALE WHICH COMES TO DANVILLE ON | ) |
| THE WEEKEND, MARCIA KEYS, DIETARY MANAGER FOR | ) |
| DANVILLE C.C., | ) |
| | ) |
|     Defendants. | ) |

**PROTECTIVE ORDER**

THIS CAUSE comes before the Court, IT IS THEREFORE ORDERED:

**I.    Categories of Material and/or Information**

It is anticipated that certain information covered by or contained in documents produced in this action may contain or constitute confidential information that warrants protection from disclosure. Each party or entity, disclosing information, which it reasonably believes in good faith to constitute confidential materials, may, at the time of production, designate such information as **"Confidential."** Such **"Confidential"** information shall specifically include, but not be limited to, policies, procedures, and clinical protocols.

A.	If a party believes that any written, recorded, or graphic material, tangible items or any other form of information that it produces in this action pursuant to pretrial discovery, court order, or agreement of the parties contains "Confidential" information, it may designate such material as "Confidential" either by stamping the word "Confidential" on the document or by other means that notifies the other parties that the information is subject to this Protective Order.  Such designation must occur prior to transmission of a physical copy thereof to counsel for any other party to this action.  Materials designated as "Confidential" and all writings, including court papers, that quote from, summarize or comment upon any such material shall be treated as confidential as set forth in this Protective Order.

B.	No "Confidential" information may be disclosed to any person except the following:

    i.	the parties' legal counsel of record and their associates, paralegals, or other staff who are assisting in the representation;

    ii.	persons retained as experts or consultants by the recipient party;

    iii	any person who was the author or recipient of a "Confidential" document or a copy of such a document, or who was referred to in such document;

    iv.	the Court, including court reporters, stenographic reporters, and other court personnel;

    v.	individuals testifying about the same during depositions or at trial;

    vi.	the parties themselves, so long as such disclosure takes place only in the office of the parties' legal counsel of record and so long as the parties are not permitted to retain copies or originals of such documents; and

    vii.	any other person to whom the producing party or respondent-in-discovery agrees in writing.

Individuals or entities permitted access to any of the "Confidential" information pursuant to Paragraph B hereof shall not show, convey, or reproduce any document so designated, or parts thereof, or copies thereof, to any individual or any entity who would not otherwise have access to such documents under the provisions of this Protective Order.

**II.      Use of Information Designated as "Confidential"**

A.      While protected by this Protective Order, any information designated "Confidential" shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the prosecution by each person to whom it is disclosed; shall be used solely for the prosecution or defense of this action; and shall not be used by the recipient party or its counsel for any other purpose, including, without limitation, any business or competitive purpose.

B.      Each non-party to whom disclosure is made must, prior to viewing "Confidential" information, agree in writing to be bound by this Protective Order.

C.      Each party shall retain each written consent it has had executed pursuant to Section II(B) above and shall provide opposing counsel with a copy of such consent:

   i.   at the earlier of the person's designation of such person as a witness who will be viewing such documents or the commencement of the party's interrogation of such person at deposition; or

   ii.  as necessary to resolve any controversy regarding a breach of confidentiality by such person.

**III.     Depositions**

If information designated as "Confidential" is used in a deposition, the court reporter shall be instructed that, pursuant to this Protective Order, those portions of the deposition transcript relating to such information, and documents containing such information that are

3

made exhibits thereto, shall not be disclosed to any persons other than those persons afforded access or "Confidential" information in accordance with Section I hereof, unless otherwise agreed to by the Producing Party.  Portions of transcripts may be designated at the time the testimony is adduced or within ten (10) business days of counsel's receipt of the transcript.  In addition to the court reporter, only those persons afforded access under Section 2 hereof may be present at any examination during the time any "Confidential" information or document is being disclosed or discussed.  As Plaintiff is proceeding *pro se*, depositions do not appear to be an issue.  If Plaintiff retains an attorney, counsel can seek to modify this agreement to reflect that change.

### IV.     Briefs and Court Papers

To the extent any party would like to rely upon a document marked as "Confidential," said document should be referred to by its description and exhibit number only **without filing** the document itself.

### V.     Return or Destruction

Upon final termination of this proceeding, including all appeals, such party shall return all materials produced and designated "Confidential" and all copies thereof to the producing party or shall destroy all said documents and copies and advise the producing party in writing of such destruction.  If the producing party requests that the materials be returned, said party shall bear all costs of return.

### VI.     Contests, Rights, and Additional Protection

Notwithstanding any of the foregoing provisions of this Protective Order, it has no effect upon, and shall not limit or restrict, any party's use of documents from its own files or its own

"Confidential" information. To the extent a party or his counsel already has in its possession or subsequently receives from a non-party any documents not designated as "Confidential," this Protective Order shall not apply with respect to such documents, even if a party has designated those documents as "Confidential."

No party shall be obligated to challenge the propriety of the designation of any "Confidential" information, and a failure to do so shall not preclude any subsequent objection to any such designation.

Any party may at any time notify a producing party in writing of its objection to the designation of any material as "Confidential." In that event, the challenging party shall attempt to resolve any disputes on an informal basis. If the dispute cannot be resolved, either the producing party or the challenging party may apply for an appropriate ruling from the Court. The material in issue shall continue to be treated "Confidential" information, as designated, until the Court orders otherwise. This Protective Order may be amended by written agreement of the attorneys for the parties.

**VII.    No Admissions**

This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between and among the parties to this proceeding without involving the Court unnecessarily in the process. Nothing in this Protective Order shall be deemed to have the effect of an admission or waiver or consent to admissibility.

**VIII.    Survival**

The obligation to treat documents and information designated as "Confidential" in the manner prescribed by this Protective Order shall survive any settlement or adjudication of this action.

IT IS SO ORDERED.

DATED:__6/25/13_____         __s/ Michael P. McCuskey_____
                                                            United States District Court Judge